## THE CITY OF WATERBURY'S APPEAL FROM RAILROAD COMMISSIONERS.

New Haven Co., June T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

Gen. Statutes, § 3480, gives the railroad commissioners power to direct as to the raising or lowering of a highway by a railroad company at a crossing, so as to carry the highway over or under the railroad track, and requires the company to construct and maintain bridges in obedience to their order. The commissioners directed a railroad company to place supports at a street curb line under a bridge constructed by the company over the street. Held that their action was final and that no appeal could be taken from it by the city.

[Argued June 20th—decided July 7th, 1888.]

APPEAL from an order of the railroad commissioners authorizing a railroad company to place supports along the curb line of a city street under a bridge constructed by the

company over the street; taken by the city to the Superior Court in New Haven County. The court (*Fenn, J.*), upon motion of the railroad company ordered the case stricken from the docket, and the city appealed.

*G. E. Terry*, for the appellant.

*S. W. Kellogg*, for the appellees.

PARDEE, J. The Meriden and Waterbury Railroad Company, being about to carry its track by a bridge over a street in the city of Waterbury, asked the railroad commissioners having jurisdiction, to direct the company to place supports under the bridge at the street curb line. The commissioners complied with its request. The city appealed from their order to the Superior Court. That court, upon motion of the railroad company, ordered the appeal to be stricken from its docket, for the reason that no right of appeal from the order of the commissioners remained to the city. The city appeals to this court.

For the purpose of preventing any addition to the number of intersections of railways and highways at the same grade, section 3480 of the General Statutes of 1888 requires every railroad thereafter constructed to separate its grade from that of a highway at intersection by passing either under or over the latter. It may under the direction of the railroad commissioners raise or lower the highway at crossings; and must construct and maintain bridges in obedience to their order. No provision being made for an appeal, their order is as conclusive as the judgment of a court of last resort.

Sections 3489 and 3490 provide for the abolition of existing grade-crossings, possibly necessitating changes of courses of railway and highway and the taking of land therefor. Section 3491 provides for an appeal from the decision of the commissioners as to these changes.

These sections (3489–90–91) constitute chapter thirty-six of the session laws of 1876; and the right of appeal in

section 3491 gained no wider reach by incorporation in the revision of 1888.

Section 4, chapter 100, of the session laws of 1884 confers power upon the commissioners to regulate the switching of cars across highways; section 5 inflicts a penalty for violation of their order; and section 6 provides for an appeal from an order concerning switching.

These sections appear as sections 3493, 4 and 5, of the revision of 1888; the latter bringing forward the same limited right of appeal.

There is no error in the judgment complained of.

In this opinion the other judges concurred.